UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GILES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-1334 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a county jail inmate, proceeding pro se. On September 27, 2023, plaintiff was granted the option of voluntarily dismissing this action or filing an amended complaint. (ECF No. 6.) Ruling on his request for leave to proceed in forma pauperis was deferred. On October 4, 2023, plaintiff elected to file an amended complaint, which is before the court.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4         As discussed below, plaintiff's amended complaint is dismissed without leave to amend.
5  Screening Standards
6         The court is required to screen complaints brought by prisoners seeking relief against a
7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
8  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.
21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
22 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
25 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
26 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
27 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
28 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
2 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
3 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
5 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Amended Complaint

Plaintiff alleges defendant Patricia Millsaps, tax office owner, lied to the police, resulting in false charges being pressed against plaintiff.  Defendants District Attorney Schubert and Assistant District Attorney Michael M. Blazina allegedly teamed up and discriminated against plaintiff on his DUI case on which it took almost three years to convict plaintiff.  Plaintiff believes the DA was mad she had to throw out the Millsaps case; plaintiff's attorney told plaintiff that the DA and her boss do not like plaintiff.

3

Plaintiff claims that the DA's office charged the wrong person and wants the DA's office charged for crimes like plaintiff's. (ECF No. 7 at 4.) In his third claim, plaintiff seeks freedom, claiming that the DA's office did not charge Patricia Millsaps with lying, and after the officer testified there was no evidence that plaintiff touched Millsaps, the DA still kept plaintiff in jail. (ECF No. 7 at 6.)

Plaintiff seeks money damages, and wants the defendants charged. (ECF No. 7 at 7.)

Discussion

Plaintiff again names Patricia Millsaps as a defendant. In order to state a claim under § 1983, plaintiff must set forth facts demonstrating a violation of a federal constitutional or statutory right; and that the violation was committed by a person acting under the color of state law. See West, 487 U.S. at 48. However, Patricia Millsaps is a private citizen who appears to run a private business. Plaintiff includes no facts demonstrating that Millsaps acted under color of state law. Thus, plaintiff cannot state a cognizable civil rights claim against Millsaps.

Further, as to the remaining two defendants who are prosecutors, plaintiff was previously informed that prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Plaintiff's allegations are based on the prosecutorial actions of defendants Schubert and Blazina. Accordingly, defendants Schubert and Blazina are immune from plaintiff's civil suit for damages under § 1983.

To the extent plaintiff seeks release from jail, plaintiff is advised that as a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by

filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

    Here, it is not clear whether plaintiff's underlying criminal charges remain pending, although he remains housed in the Rio Cosumnes Correctional Center.  If such charges remain pending, plaintiff must seek relief from custody through any underlying criminal proceedings, and may wish to seek the advice of his attorney referenced in the amended complaint. (ECF No. 7 at 3.)  In any event, plaintiff may not obtain release from custody through a civil rights action under 42 U.S.C. § 1983.

    Although the Court would generally grant plaintiff another opportunity to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. The Clerk of the Court is directed to assign a district judge to this case.

    Further, IT IS RECOMMENDED that plaintiff's amended complaint be dismissed without leave to amend, and this action be terminated.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gile1334.56